O



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HOWARD L. TURNER,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>LEE BACA, et al.,<br><br>　　　　Defendants. | Case No. CV 10-8381-RGK (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

  On November 15, 2010, Plaintiff Howard L. Turner, who is currently a state prisoner incarcerated at the California State Prison in Delano, California, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint names Los Angeles County Sheriff Lee Baca and seven "John Does" as defendants. For the reasons set forth below, the complaint is **DISMISSED** as to Lee Baca with leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome).

//

## I. Facts

Plaintiff alleges that on August 7, 2009, while he was incarcerated in the Los Angeles County Jail, he was assaulted by seven deputies during the course of a strip search. More specifically, he claims that one deputy struck him in the jaw and then the other deputies started hitting and kicking him while he was on the ground. Plaintiff has not identified the deputies who allegedly assaulted him. Apparently, Sheriff Lee Baca is named as a defendant based upon his status as the Sheriff and employer of the deputies who allegedly committed the assault. Plaintiff seeks compensatory and punitive damages.

## II. Discussion and Analysis

### A. Duty to Screen.

The Court has screened the complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

### B. Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted Against Sheriff Baca.

To the extent that Plaintiff is alleging that Sheriff Baca is liable due to its supervisory role over jail staff, he has failed to state a claim upon which relief may be granted. Supervisory officials or agencies are generally not responsible for the conduct of their subordinates on a theory of vicarious liability in civil rights actions brought under 42 U.S.C. § 1983. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 188 F.3d 1105, 1114 (9th Cir. 1999); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers*, 267 F.3d at 915; *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v.*

*Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

At best, Plaintiff has failed to allege anything more than respondeat superior against Sheriff Baca. There is no allegation that he participated in the events giving rise to the alleged assault. However, there can only be liability under section 1983 if there is an affirmative link or connection between the defendant's actions and the claimed injury. *Rizzo v. Goode*, 423 U.S. 362. 372-73 (1976). Therefore, absent a showing of personal involvement or some causal connection between the conduct of Sheriff Baca and the injury, there is no basis upon which the Baca can be found liable under section 1983. Accordingly, Lee Baca must be dismissed as a defendant.

### III. Conclusion

To the extent that Plaintiff has alleged that his constitutional rights were violated when he was assaulted by the unnamed deputies, he has stated a cause of action upon which relief may be granted. However, the Court is unable to order service against those deputies. Once the unnamed deputies are identified, the Court will order service.

However, because the complaint fails to state a claim on which relief may be granted as to Defendant Lee Baca, the complaint is dismissed with leave to amend as to Baca. If Plaintiff chooses to file a first amended complaint, he must provide the facts supporting any allegations of misconduct against Defendant Baca. He must also identify the other defendants to the extent possible so that service may be effected. It is hereby **ORDERED**:

1. All claims against Defendant Lee Baca are dismissed with leave to amend for the reasons stated above.

2. It is established that a *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim, unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). While it appears that Plaintiffs' supervisory liability is not viable, Plaintiff will be give an opportunity to demonstrate that he can state a viable claim against Lee Baca. Accordingly, if Plaintiff wishes to pursue this action, he may file a first amended complaint within **thirty (30) days** of the date of this Order, remedying the deficiencies discussed above. The first amended complaint must set forth all of the facts which support Plaintiff's claims and may not refer to the original complaint. The first amended complaint should be captioned "FIRST AMENDED COMPLAINT," and should bear this case name. The first amended complaint must clearly identify the specific acts on which the claims are based. It should include the date, time, place, and circumstances of the offending conduct, the names of the individuals who committed the conduct, the full details of what each defendant did or failed to do, and the damage or injury suffered by Plaintiff as a result.

Plaintiff is cautioned that he is responsible for presenting factually accurate information to the court. A knowing misrepresentation to the Court is punishable by sanctions, including dismissal.

3. If Plaintiff decides not to pursue this action, he need not file anything in response to this Order and the case shall be dismissed without prejudice.

4. Plaintiff is cautioned that the failure to timely file a

first amended complaint will be construed by the magistrate judge as his consent to dismissal of this action as to the defendants and claims outlined above.

5. The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Plaintiff chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments. He may, however, attach additional pages to detail his allegations, if necessary.

**SO ORDERED**

Dated: November 22, 2010

# MARC L. GOLDMAN

Marc L. Goldman
United States Magistrate Judge