

FILED
MAR - 2 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HOWARD LAWRENCE TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY ARMANDO VALENCIA,<br><br>    Defendant. | Case No. CV 10-8381-RGK (MLGx)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I. Facts and Procedural Background

Plaintiff Howard Lawrence Turner filed this pro se civil rights action on November 4, 2010. He alleges that on August 7, 2009, while incarcerated at the Men's Central Jail in Los Angeles, he was assaulted by Deputy Valencia and other unidentified individuals. The second amended complaint was ordered served on Deputy Valencia on December 17, 2010.

On November 30, 2011, Magistrate Judge Marc L. Goldman set a settlement conference for February 8, 2012. Plaintiff was given notice of the settlement conference and directed to file a settlement statement and make an offer of settlement. Plaintiff did not comply

with this order. Plaintiff also did not appear for the settlement conference. On February 8, 2012, Defendant was awarded his attorney fees and costs in the amount of $775.00. Plaintiff was directed to pay the attorney fees, and show cause in writing why the case should not be dismissed for failure to prosecute, on or before February 24, 2012. Plaintiff was informed that failure to comply with the order would result in summary dismissal of the case with prejudice. Plaintiff failed to comply with this order.

Defendant had noticed Plaintiff's deposition for December 28, 2011. Plaintiff did not appear, and failed to respond to defense counsel's letters to meet and confer regarding the deposition. On February 8, 2012, Magistrate Judge Goldman granted Defendant's motion to compel. Plaintiff was directed to appear for his deposition on or before February 24, 2012, and to pay Defendant's reasonable costs and attorney fees in the amount of $932.85 by the same date. Plaintiff was informed that failure to comply with the order would result in dismissal of the case with prejudice.

On February 28, 2012, Elise H. Hur, counsel for Defendant, filed a declaration stating that Plaintiff had failed to comply with the order compelling his deposition and the orders awarding attorney fees and costs. Because Plaintiff has repeatedly failed participate in the litigation of this case and failed to comply with the Court's orders, despite being informed of the consequences, this action will be dismissed with prejudice for failure to prosecute.

Federal courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is

a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the court concludes that dismissal is appropriate in this case. Plaintiff has failed to participate in discovery, disregarded the Court's orders regarding discovery and sanctions, and has failed to appear for scheduled court appearances. When given the opportunity to show cause why the case should not be dismissed, he failed to do so, ignoring yet another directive.

The public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Similarly, Plaintiff's refusal to participate in discovery or attend Court hearings has prejudiced Defendant in the preparation of his case. Given Plaintiff's repeated failures to comply with the court's orders, dismissal would not undermine the public policy favoring disposition of cases on the merits. As dismissal will be entered with prejudice, there is no identifiable risk of prejudice to Defendant. And finally, given Plaintiff's failure to attend court hearings or pay sanctions previously imposed, there are no less drastic sanctions available.

//

Accordingly, it is ORDERED that this action be dismissed with prejudice for failure to prosecute.

Dated: March 2, 2012

R. Gary Klausner
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge